IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

CLINTON J. SHORT,
                Petitioner,

v.

UNITED STATES OF AMERICA
                Respondent.

Case No. 2:16-cv-02342-SLD

## ORDER

Before the Court is Petitioner Clinton Short's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, his Motion for Leave to Proceed In Forma Pauperis, ECF No. 7, and his Motion to Request Counsel, ECF No. 9. For the following reasons, the Motion to Vacate, Set Aside, or Correct Sentence and the Motion to Request Counsel, ECF No. 9, are DENIED. Short's Motion for Leave to Proceed In Forma Pauperis, ECF No. 7, is MOOT.

## BACKGROUND

Short entered an open guilty plea to possession of a firearm by a felon, 18 U.S.C. §§ 922(g) and 924(a)(2), on January 13, 2010.[1] The Presentence Investigation Report ("PSR") placed his total offense level, including enhancements and downward adjustments, at 25, and his criminal history in category VI, PSR ¶ 79, Cr. ECF No. 17, putting the guideline range for his offense at 110 to 120 months. On May 10, 2010, the trial court sentenced Short to 120 months of incarceration. Judgment, Cr. ECF No. 19. Short did not appeal his conviction or sentence. *See* Mot. Vacate, Set Aside, or Correct Sentence 3, ECF No. 1. He filed the present § 2255 petition on October 31, 2016.

---

[1] Citations to docket entries in Short's § 2255 proceeding will take the form: "ECF No. __." Citations to docket entries in Short's underlying criminal matter, *United States v. Short*, No. 2:09-cr-20041-MPM-DGB-1, take the form "Cr. [ECF No. __.]"

Short argues, as basis for his motion, that (1) he is actually innocent, (2) the United States breached a plea agreement with him and (3) his counsel failed to file an appeal on his behalf. *Id.* at 6–7. The United States ("the Government") argues that Short's motion is procedurally barred due to untimeliness, and that his claims are not otherwise sufficient to merit relief. Gov't Resp. 2, ECF No. 11.

## DISCUSSION

### I. Short's Request to Appoint Counsel

Although Short has no absolute right to counsel in his civil case, he asks the Court to exercise its discretion to appoint counsel for him. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). After considering the factors set forth in *Merrit*, the Court concludes that appointment of counsel is not warranted in this action at this time. Short provides the Court with what he claims is proof of his attempts to retain private counsel (an unpostmarked letter to several different pro bono attorneys), Mot. Request Counsel Ex. 1 at 2, ECF No. 9-1, but he does not allege any physical or mental disability which might preclude him from adequately investigating the facts giving rise to his Motion. *Merritt*, 697 F.2d at 765. Furthermore, Short acknowledges that he "understand[s] [the] issues" in his case, and there is nothing before the Court to suggest that he is not capable of adequately presenting his case. Mot. Request Counsel Ex. 1 at 1. The legal issues raised are not unduly complex, and there is an abundance of accessible case law. Accordingly, Short's Motion to Request Counsel is denied.

### II. Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the procedure by which a federal prisoner may file a collateral motion challenging his criminal sentence. 28 U.S.C. § 2255(a). 28 U.S.C. § 2255 permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was

imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.* AEDPA established a one year time period in which a federal prisoner may file a federal habeas petition, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Short does not argue that an intervening change in the law or newly recognized right supports his claim. Nor does he argue that the Government created an impediment to his initiation of a timely motion, or that new facts support a claim for relief. This means the one year statute of limitations began to run when the judgment against Short became final. 28 U.S.C. § 2255(f)(4). After his sentencing occurred and judgment was entered on May 10, 2010, Short had fourteen days to appeal, at which time the judgment of his conviction became final. *See Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016). Short filed the present motion on October 31, 2016, more than five years after his limitations period ended. Short's habeas corpus petition is untimely, and therefore his claims of ineffective assistance of counsel and those regarding his plea and sentencing are not cognizable in a §2255 petition. In any event, the claims do not have merit: Short pled open to his offense, Sentencing Hrg. Tr. 29:22–23, ECF No.

1-2, so there was no agreement in place for the Government to breach. Short registered no objections to the PSR or guideline calculation at the sentencing hearing, *id.* at 5:3–6:6, and the Court does not identify any errors in the guideline calculation. For instance, Short claims that he was not provided the acceptance of responsibility reduction, but this is clearly rebuked by the PSR. PSR ¶ 28.

### III. Actual Innocence

Short also claims that he is actually innocent, not of the underlying offense, but of the sentence he received: he claims that his guideline range was calculated incorrectly. Mot. Vacate 4. The claim is not tenable. A claim of actual innocence may provide a petitioner with the basis for an equitable exception to AEDPA's procedural bars, serving as an escape valve to protect from constitutional errors that "'result in the incarceration of innocent persons.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Therefore, "actual innocence" refers to factual innocence of the underlying offense: to sufficiently make out a claim, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 1935. The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Short presents no new evidence and makes no arguments challenging the validity of his underlying conviction. His chief complaint is that the sentencing court misapplied the sentencing guidelines, particularly via what he alleges was a failure to apply a reduction for his acceptance of responsibility. Mot. Vacate 4. An actual innocence claim is not the proper vehicle for such an argument, which was disposed of already in this order, *supra* Sec. I. Because he has not presented any new factual information that would call into question a jury's conviction, or in any

way implicate his actual innocence, such that his continued imprisonment would be unconstitutional, Short does not overcome the statutory time bar.

## CONCLUSION

Short's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, and his Motion to Request Counsel, ECF No. 9, are DENIED.  Short's Motion for Leave to Proceed In Forma Pauperis, ECF No. 7, is MOOT.

Entered June 5, 2017.

                                                                s/ Sara Darrow
                                                                 SARA DARROW
                                            UNITED STATES DISTRICT JUDGE